Ahmed M. Abdallah, Esquire, Hollywood, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jason Wisecup, Ilissa M. Gould, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Mohmmed Enamul Bhuiyan Haq, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Haq's untimely motion to reopen because he did not establish changed circumstances in Bangladesh material to his claims to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Almaraz v. Holder*, 608 F.3d 638, 640–41 (9th Cir.2010) (petitioner failed to show passage of trade agreement was material to his claim where documents he submitted were inconclusive, even if accepted as true).

**PETITION FOR REVIEW DENIED.**

Jaswinder Singh DHILLON, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 10–70283.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 12, 2012.

Kuldip Dhariwal, Esquire, Law Office Kuldip Dhariwal, Fremont, CA, Inna Lip-

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

kin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Francis William Fraser, I, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Jaswinder Singh Dhillon, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo legal determinations. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that, even if Dhillon testified credibly and suffered past persecution, the government rebutted the presumption that Dhillon has a well-founded fear of future persecution with evidence of changed country conditions in India. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003) ("[W]here the BIA rationally construes an ambiguous or somewhat contradictory country report and provides an individualized analysis of how

changed conditions will affect the specific petitioner's situation, substantial evidence will support the agency determination." (internal citation and quotation marks omitted)). We do not reach Dhillon's contention that he cannot reasonably relocate within India because our review is limited to the BIA's reasoning. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1121–22 (9th Cir. 2004). Substantial evidence also supports the agency's finding that Dhillon is not entitled to a humanitarian grant of asylum. *See Kumar v. INS,* 204 F.3d 931, 934–35 (9th Cir.2000) (concluding that petitioner's experiences, including being stripped and fondled in front of her parents, punched and kicked, forced to renounce her religion, and beaten unconscious, were not sufficiently severe to warrant humanitarian asylum). Accordingly, Dhillon's asylum claim fails.

Because Dhillon has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the agency's determination that Dhillon was not eligible for CAT relief. *See Kumar v. Gonzales,* 444 F.3d 1043, 1055–56 (9th Cir.2006) (substantial evidence supported the agency's denial of petitioner's CAT claim even though the petitioner suffered a month-long police detention in India, during which he was consistently beaten with wooden sticks and leather belts).

**PETITION FOR REVIEW DENIED.**

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.